### JOHN YOUNG v. THE STATE.

#### No. 2316.    Decided December 12, 1900.

**1.  Burglary—Indictment—Joint Owners.**

An indictment for burglary of a house alleged to belong to joint owners, to be sufficient, must allege the want of consent of each of the owners.

**2.  Same.**

Where an indictment for burglary alleged the house to belong to J. H. and J. F. S., and averred the intent of the burglarious entry to be to take therefrom certain property "from the possession of said J. H. and J. F. S., or either of them, and without their consent," etc., Held insufficient, the word "their" refers to the owners collectively, and is not tantamount to negativing the consent of each.

APPEAL from the District Court of Nacogdoches. Tried below before Hon. TOM C. DAVIS.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

Defendant's motion in arrest of judgment, attacking the sufficiency of the indictment, was overruled, and the correctness of this ruling is the only question discussed on the appeal. The indictment is substantially set out in the opinion.

*E. P. Brewer,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and given two years in the penitentiary. The motion in arrest of judgment questions the validity of the indictment, in alleging want of consent of · the two joint owners to the theft of the property charged to have been in the burglarized house. We have examined the indictment, and it alleges that the property (the house) belonged to J. H. Summers and J. F. Summers, and that appellant burglariously entered the same with intent then and there, etc., to take from said house certain property therein situated belonging to the said J. H. Summers and J. F. Summers, from the possession of the said J. H. Summers and J. F. Summers, or either of them, and without their consent, etc. The sentence "or either of them" appears in connection with their possession, and does not appear to refer to their consent. So that this allegation is lacking in connection with the want of consent of said parties. In accordance with the previous decisions of this court, the indictment is insufficient. McIntosh v. State, 18 Texas Crim. App., 284; Taylor v. State, Id., 489; Williams v. State, 23 Texas Crim. App., 619. The holding of the court in these decisions seems to be predicated on the idea that where property is alleged to belong to joint owners, and to have been taken from the possession of such joint owners, the want of the consent of each must be distinctly averred; the use of the word "their" being held to refer to them collectively, and not to be tantamount to negativing the consent of each of them. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*